IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) LICIA GRAY, as the Surviving Spouse of Jerry Dale Gray, deceased and on behalf of the Estate of Jerry Dale Gray, deceased and as the Co-Personal Representative of the Estate of Anthony W. Gray, deceased,<br><br>(2) ROBIN WILKERSON, as the Co-Personal Representative of the Estate of Anthony W. Gray, deceased,<br><br>        Plaintiffs,<br><br>v.<br><br>(1) THE UNITED STATES OF AMERICA,<br><br>        Defendant. | Case No. CIV-19-545-PRW |

## **COMPLAINT**

Plaintiffs, Licia Gray and Robin Wilkerson, for their cause of action against the Defendant, the United States of America, state and allege as follows:

### **JURISDICTION AND FACTS COMMON TO ALL COUNTS**

1.  Each condition precedent to maintaining this cause of action has been met and accrued. Plaintiffs' claims are for money damages and founded in negligence and wrongful death against the United States of America and the Federal Aviation Administration, an agency of the Department of Transportation of the United States of America. This action is brought pursuant to the Federal Tort Claims Act and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1346(b), and 2671, et seq. Statutory notice of this action was timely provided to the Defendant, the Defendant provided Plaintiffs written denial of their claims and this action is timely brought following such claims denial. The United States, including its agency, the Federal Aviation

1

Administration ("FAA"), may be held liable "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).  Plaintiffs are authorized to bring this action pursuant to 12 O.S. §§ 1053(A) and 1054.

2. At all times material to this cause of action, Plaintiffs were, and continue to be, citizens of the United States and residents of the State of Oklahoma, within the geographical boundaries of the Western District of Oklahoma, and each being sui juris are in all manner competent to maintain this cause of action. Venue is proper pursuant to 28 U.S.C. § 1402(b).

3. Pursuant to Rule 4(i), FRCP, service of Summons and Complaint shall be perfected (a) via certified mail to the Civil Process Clerk, United States Attorney's office, Western District of Oklahoma [Rule 4(i)(1)(A)(ii), FRCP] or via delivery to the United States Attorney for the Western District of Oklahoma [Rule 4(i)(1)(A)(i), FRCP]; and by certified mail to the Attorney General of the United States at Washington, D.C. [Rule 4(i)(1)(B), FRCP].

4. On December 19, 2018, the FAA administratively denied Plaintiffs' claims by letter denying responsibility for the deaths and injuries at issue.

5. Plaintiffs have elected to file suit in accordance with 28 U.S.C. § 2675.

## GENERAL ALLEGATIONS

6. Defendant, the United States of America ("United States"), operates and maintains the Federal Aviation Administration ("FAA") which provides air traffic controllers to, among other things, facilitate and control aircraft in flight, on take-off and during landing, to provide necessary information and assistance to pilots and to control the airspace for safe passage by aircraft and the passengers thereon between various points—in this instance, in the Houston metropolitan area.

7. At all times relevant herein, Defendant United States, by and through the FAA, undertook the duty to provide air traffic control services at William P. Hobby Airport located in Houston, Texas ("Hobby Airport"), including, but not limited to, the issuance of air traffic control clearances, instructions and advisories at Hobby Airport. Defendant had an express and/or implied duty, and otherwise assumed such duty, to the general public and specifically to the Plaintiffs' decedents, to abide by the FAA's policies and procedures applicable at the time and to perform their assigned duties in a safe and reasonable manner, including, but not limited to, ensuring the safe and adequate separation of air traffic under their control.

8. At all times relevant herein, the Defendant United States and its representatives at Hobby Airport knew or should have known that the general public and specifically the Plaintiffs' decedents would and did rely upon the skill, knowledge and judgment of said air traffic controllers to act in a suitable and safe manner as to provide, among other things, the safe and adequate supervision of air traffic under their control.

9. On June 9, 2016 at approximately 1:09 CDT p.m., the FAA employed air traffic controllers who were assigned to duty and acting within the course and scope of their employment at the Air Traffic Control Tower located at Hobby Airport.

10. At that same time, the Deceased, Jerry Dale Gray ("Jerry") and Anthony W. Gray ("Anthony") were traveling to Houston as passengers on a flight aboard a Cessna SR20 bearing registration number N4252G (the "Aircraft") that was owned by Safe Aviation, LLC. The pilot in command of the Aircraft was Dana Gray ("Dana"), the wife of Anthony and Jerry's sister-in-law.  The decedents were travelling from Oklahoma City to Houston to visit Jerry and Tony's father who was undergoing cancer treatment at MD Anderson Hospital in Houston, Texas.

11.     Upon arrival in Houston on June 9, 2016, Dana was in routine contact with FAA air traffic controllers at Hobby Airport.

12.     On approach, FAA air traffic controllers placed Dana in a pattern which caused her Cirrus aircraft to be overtaken by larger commercial aircraft. After failing to make a successful first landing, Dana was again advised by FAA controllers with respect to the manner in which to try again.  This led to a second unsuccessful landing attempt and further direction given by the FAA controller.  On the third landing attempt, following a serious of bizarre and complex instructions by substituted controllers, the plane crashed well short of the airport and there were no survivors.

13.     At all times relevant and during the approaches to Hobby Airport, Dana was in direct contact with, and taking direction from, FAA air traffic controllers, all of whom were acting within the scope of their employment with the FAA.

14.     During her approaches to Hobby Airport, FAA air traffic controllers responsible for providing landing service to the Aircraft exhibited numerous operational and procedural deficiencies. In accordance with the determinations made by the National Transportation Safety Board ("NTSB"), probable and proximate causes for the crash which took the Grays' lives included, but were not limited to, the air traffic controllers' decisions to keep Dana in a traffic pattern with other commercial aircraft, substitution of controllers during a difficult and critical landing phase and controllers' issuance of an unnecessarily complex clearance during a critical phase of the flight.

15.     These deficiencies were unnecessary and unreasonable and were probable and proximate causes of the crash.

## COUNT I - WRONGFUL DEATH;
## NEGLIGENCE OF AGENTS OF THE UNITED STATES OF AMERICA

16. The allegations of the previous paragraphs are incorporated herein by reference.

17. At all times relevant herein, it was reasonably foreseeable that under the facts and circumstances of this case, the failure to provide proper assistance and services to pilot and the air traffic controllers' collective failure to follow proper protocols and procedures could result in the death of those aboard the airplane.

18. The acts and omissions of the air traffic controllers as set forth above were a proximate cause of, or otherwise a substantial causative factor resulting in, the loss of the aircraft and the deaths of those on board when the aircraft crashed.

19. As a direct and proximate result of the negligent acts and omissions of the employees of the United States of America, who were acting within the scope of their employment as FAA air traffic controllers, Licia Gray, the Surviving Spouse of Jerry Dale Gray, along with the statutory heirs/wrongful death beneficiaries of Jerry Dale Gray and Anthony W. Gray, sustained damages sought by Plaintiffs, the recovery of which is available pursuant to applicable law, including those enumerated in 12 O.S. Sec. 1053. Recoverable damages include, but are not limited to, final burial expenses; conscious mental and physical pain and suffering of Jerry Gray and Anthony Gray prior to their untimely deaths; pecuniary losses and lost income of each Decedent; the grief, loss of association and loss of companionship of each surviving child and parent of the Jerry Gray and Anthony Gray; and the loss of consortium and grief of Licia Gray, as the surviving spouse of Jerry Gray. Damages are sought in amounts to be established at trial.

**WHEREFORE**, Plaintiffs and Decedents' survivors, heirs and statutory beneficiaries pursuant to 12 O.S. § pray for judgment against Defendant for the damages alleged herein, all in excess of the jurisdictional minimum of this Court.

### COUNT II- SURVIVAL ACTION;
### NEGLIGENCE OF AGENTS OF UNITED STATES OF AMERICA

20. The allegations of the previous paragraphs are incorporated herein by reference.

21. By failing to exercise reasonable care in their official duties, FAA air traffic controllers proximately caused the loss of the aircraft thereby resulting in the serious injuries and deaths of those on board the aircraft.

22. For a measurable period of time prior to their deaths, Jerry Dale Gray and Anthony W. Gray were privy to the communications between Dana and FAA air traffic controllers; were aware of the difficulties being encountered with the controllers; were aware of the imminent crash of the aircraft; and were able to, and did, experience injuries to their persons together with the physical and mental suffering therefrom.

23. As a direct and proximate result of the negligence of FAA air traffic controllers in failing to carry out their official duties with reasonable care, Jerry Dale Gray and Anthony W. Gray experienced what could only be described as incomprehensible fear and apprehension, and conscious mental and physical pain and suffering for a measurable period of time before their untimely deaths.

**WHEREFORE**, Plaintiffs and decedents' survivors, heirs and statutory beneficiaries pray for a money judgment against Defendant as hereinbefore set forth, including general non-economic damages in an amount according to proof at trial; economic damages according to proof at trial; property damages according to proof at trial; funeral, burial, transportation, and related expenses according to proof at trial and survival damages, all of which are sought

6

pursuant to 12 O.S. §1051, *et seq;* interest as allowed by law; costs of suit incurred herein; and for such other and further relief as this Honorable Court might deem just and proper.

Date: June 14, 2019

_____
PHILIP O. WATTS OBA #11000
BEVERLEY Q. WATTS OBA #12031
Watts & Watts
P.O. Box 3287
Edmond, OK  73083-3287
(405) 239-2177
powatts@wattslawok.com
bevwatts@wattslawok.com

ATTORNEY LIEN CLAIMED